IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGIANNE COSTA, et al.       :        CIVIL ACTION
                                             :
    v.                                     :        No. 12-2312
                                             :
MARRIOTT INTERNATIONAL, INC., et al.  : 

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                    **December 10, 2012**

       Plaintiffs Georgianne and Frank Costa bring this personal injury action against Defendants Marriott International, Inc., Marriott Ownership Resorts, Inc., and Marriott Ownership Resorts, Inc. d/b/a Marriott Vacation Club International. Defendants asks this Court to dismiss this action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer this action to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1406 because all of the events giving rise to this action occurred in Florida and the only relationship Pennsylvania has with this action is that Plaintiffs reside here. Plaintiffs concede all of the events at issue occurred in Florida, but assert venue is nevertheless proper in this District and the interests of fairness and convenience weigh strongly against transfer. For the following reasons, Defendants' motion to dismiss or, in the alternative, to transfer this action will be granted inasmuch as this case will be transferred to the Middle District of Florida.

**FACTS**

       On or about April 29, 2010, Georgianne Costa was a hotel guest at Marriott's Crystal Shores resort in Marco Island, Collier County, Florida. Costa alleges "the lanai/balcony located in [her] room was unreasonably dangerous in that it was moist, slick and/or wet and/or had a tendency to become moist, slick and/or wet during the evening causing the lanai/balcony to become extremely

slippery." Compl. ¶ 11. As a result of this condition, Costa alleges she slipped and fell "violently to the ground" when she walked across the lanai/balcony. *Id.* ¶ 12. Costa asserts "[D]efendants had a legal duty to keep the hotel premises free from hazards, and to seek out and remedy dangerous conditions that existed on the property in order to avoid injuring members of the public invited onto the Crystal Shores Resort." *Id.* ¶ 15. Plaintiffs assert claims of negligence and loss of consortium.

Defendant Marriott Ownership Resorts, Inc., also does business as Marriott Vacation Club International. DePalma Aff. ¶ 2. These entities are referred to collectively as "MORI." MORI is a Delaware corporation with its principal place of business in Orlando, Florida. *Id.* ¶ 1; Compl. ¶ 3. MORI is the developer and seller of timeshare interests at the Crystal Shores resort, and is not registered to conduct business in Pennsylvania. DePalma Aff. ¶¶ 3, 9. MORI is not listed in telephone directories in Pennsylvania and does not operate any resorts, maintain any offices or bank accounts, pay taxes, or otherwise conduct business in this Commonwealth. DePalma Aff. ¶¶ 8, 10-15. None of the officers, directors, agents or employees acting on behalf of MORI are located in this Commonwealth. *Id.* ¶ 16.

Defendant Marriott International, Inc. is a Delaware corporation with its principal place of business in Bethesda, Maryland. *Id.* ¶ 2. At the time of the incident, Marriott International, Inc. was the parent corporation of Marriott Ownership Resorts, Inc. and Marriott Ownership Resorts, Inc. d/b/a Marriott Vacation Club International. Defs.' Reply Br. 2 & Ex. A, Aff. of Patricia DePalma, ¶ 4. Marriott International, Inc. is "registered/authorized to transact business in Pennsylvania." Compl. ¶ 2.

**DISCUSSION**[1]

Pursuant to the general venue statute, 28 U.S.C. § 1391(b), venue of a civil action is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Defendants assert venue cannot be established in the Eastern District of Pennsylvania under § 1391(b)(1) because none of the defendant entities resides in this Commonwealth. For purposes of venue, a defendant corporation is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Federal Rule of Civil Procedure 4(k) allows district courts to exercise personal jurisdiction over a defendant to the extent allowable under the laws of the state in which the district court sits. In Pennsylvania, a court may exercise jurisdiction over nonresidents to "the fullest extent allowed under the Constitution of the United States and [jurisdiction] may be based on the most minimum contact with this Commonwealth." 42 Pa. Cons. Stat. § 5322(b). The Constitution permits a court to exercise personal jurisdiction over a defendant that has sufficient contacts with the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). "The nature of these contacts must be such that the defendant should be

---

[1] Because this Court is transferring this action, the Court need not address Defendants' motion to dismiss.

reasonably able to anticipate being haled into court in the forum state." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Generally, the defendant bears the burden of showing venue is improper. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982). When a motion to dismiss raises a jurisdictional question, however, the plaintiff must demonstrate the Court has jurisdiction. *Id.* at 724 n.10; *Provident Nat'l Bank*, 819 F.2d at 437. To show sufficient minimum contacts for personal jurisdiction, a plaintiff must show the cause of action arose out of the defendant's specific actions in the forum state (specific jurisdiction) or the defendant has "continuous and systematic" contacts with the forum state (general jurisdiction). *Provident Nat'l Bank*, 819 F.2d at 437 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 416 (1984)).

In their Complaint and brief in opposition to Defendants' motion, Plaintiffs argue Defendants "systematically and continuously transacted business" in Pennsylvania. Yet Plaintiffs have failed to allege or provide evidence to suggest that Defendants do any business in Pennsylvania, let alone that their contacts are "systematic and continuous." MORI is a Delaware corporation; it is not registered or licensed to do business in Pennsylvania and has no offices or employees in this Commonwealth; no one in this state can receive service of process on its behalf; and it does not own property or sell goods in this state. Plaintiffs nevertheless argue this Court has personal jurisdiction over MORI based solely on the entity's affiliation with Marriot International, Inc. and the assumption that because Marriott International, Inc. is a national corporation, all Defendants are subject to personal jurisdiction here. Indeed, Plaintiffs argue generally "[i]t is . . . hard to imagine corporations as large as Defendants, that own or operate hotels throughout the United States, do not maintain a

4

single hotel or office within [this] District," concluding "[t]hus, it would appear that Defendants are, in fact, subject to the personal jurisdiction of this Court." Pls.' Opp'n 6. Marriott International, Inc., however, was merely the parent corporation at the time of the alleged incident and had no involvement with the development, sales, operation or management of the Crystal Shores resort at the time of the incident. Defs.' Reply Br. 2 & DePalma Aff. ¶ 5. Defendants thus assert Marriott International, Inc. is not even a proper defendant to this action. DePalma Aff. ¶ 6.

Whether Marriott International, Inc. resides in this state for venue purposes is irrelevant in light of the complete absence of business transactions by MORI in this state. There is nothing in Plaintiffs' Complaint or opposition brief to suggest that MORI engaged in any forum-related activities or that this case arises from or relates to conduct purposefully directed at this forum. Under the pleading standard set forth by Federal Rule of Civil Procedure 8, Plaintiffs' conclusory allegation regarding Defendants' systematic and continuous transactions of business in Pennsylvania is insufficient to show they have sufficient minimum contacts with this state for this Court to exercise personal jurisdiction over them. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (stating, in deciding a motion to dismiss, courts need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements"). Plaintiffs thus have failed to show MORI have sufficient contacts with Pennsylvania to establish either specific or general personal jurisdiction such that these Defendants would reasonably anticipate being haled into court here. Given Plaintiffs' failure to meet their burden on the jurisdictional issue, Defendants have shown MORI does not reside in Pennsylvania for venue purposes. Venue, therefore, does not lie in this District under 28 U.S.C. § 1391(b)(1).

Defendants assert venue in this District also cannot be established under 28 U.S.C.

§ 1391(b)(2) because "none of the events giving rise to Plaintiffs' claim occurred in the Eastern District of Pennsylvania." Defs.' Mot. to Dismiss 4. Pursuant to § 1391(b)(2), venue is proper in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." To analyze whether events or omissions are substantial, "it is necessary to look at the nature of the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994). "Events or omissions that might only have some tangential connection with the dispute in litigation are not enough." *Id.* at 294. The requirement of substantiality "preserve[s] the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.*

This lawsuit arises out of an accident at Marriott's Crystal Shores resort in Marco Island, Florida. Specifically, Plaintiffs allege that as a result of the dangerous condition of the lanai/balcony of the hotel room in which Georgianne Costa was staying, "Costa was caused to slip and fall" resulting in the injuries about which she complains. In fact, Plaintiffs do not allege that any events giving rise to this lawsuit took place in this District. Thus, because Plaintiffs concede none of the events or omissions giving rise to their claims occurred here, venue does not lie in this District pursuant to 28 U.S.C. § 1391(b)(2).

Defendants next assert this action may not be brought in this District pursuant to § 1391(b)(3) because the action may be brought in the Middle District of Florida where the Crystal Shores resort is located and the events giving rise to Plaintiffs' claims occurred. *See* § 1391(b)(3) (providing "if there is no district in which an action may otherwise be brought," venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action"); *see also Streppone v. Fayette*, No. 08-21374, 2008 WL 2262029, at *2 (S.D. Fla. May 30, 2008) (stating Collier County is located in the Middle District of Florida). Because the Middle

6

District of Florida is an appropriate forum for this action, this section does not apply.

Since venue in this District is improper, this Court must determine whether this case should be dismissed or, in the alternative, transferred to another judicial district that has personal jurisdiction over the parties. In federal court, questions concerning proper venue are governed by 28 U.S.C. §§ 1404(a) or 1406. Section 1404(a) governs disputes where both the original and requested venue are proper, and thus does not apply here,[2] while § 1406 applies where the original venue is improper, and provides for either transfer or dismissal of the case. *See* 28 U.S.C. § 1406(a) (stating "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

This Court sees no reason to dismiss this case, thus forcing Plaintiffs to refile and reserve Defendants in another district. As stated earlier, the events that led to this lawsuit took place in the Middle District of Florida. Thus, in the interest of justice, and to spare the litigants unnecessary cost and effort, Defendants' motion to transfer this case to the United States District Court for the Middle District of Florida will be granted pursuant to § 1406.

---

[2] Plaintiffs argue transfer of this matter would be inappropriate as "considerations of convenience and fairness, including the public and private factors relevant to any transfer inquiry, weigh strongly against the transfer of this matter to the Middle District of Florida." Pls.' Opp'n 1 (relying on 28 U.S.C. § 1404). Plaintiffs emphasize because they reside in this forum, it is their forum of choice, and at least four witnesses reside within 100 miles of this District, this District is the most appropriate venue. *Id*. at 7-13. The number and location of witnesses, however, are not factors to be considered when determining venue under § 1391(b) and § 1406.

An appropriate order follows.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, J.